## Case No. 9,006.

### MANCHESTER v. MILNE.

[Abb. Adm. 115.] [1]

District Court, S. D. New York. Jan., 1848.

SHIPPING — DEED OF ASSIGNMENT — PROOF — AFFREIGHTMENT—VARIANCE—MODE OF ASCERTAINING QUANTITY.

1. A deed of assignment executed in another state, and attested by two subscribing witnesses, was offered in evidence, accompanied by proof of the signatures of one of the witnesses, and of both the assignors. *Held*, that the witnesses were presumed to reside at the place of execution and to be without the jurisdiction of the court.

2. The proof of the assignors' signatures was admissible as secondary evidence of the execution.

3. A variance between the amount of a cargo of coal as stated in the bill of lading, and the amount of such cargo as ascertained on delivery at the port of consignment, may be explained by showing that the mode of ascertaining the quantity is such that similar variations are necessarily of frequent occurrence.

[Cited in The Wellington, Case No. 17,384.]

[Compare Manning v. Hoover, Case No. 9,044.]

This was a libel in personam, by Cyrus B. Manchester against George Milne, to recover for freight and primage on a cargo of coal, shipped from Liverpool to New York, on board the ship American. On the hearing, the libellant proved the shipment of the coal, September 30, 1846, at which time the vessel was owned by the Messrs. Arnold. He put in evidence the bill of lading, which was for 200 tons of Orrell coal, at the rate of six shillings sterling per ton freight, and five per cent. primage. To show his right to maintain the action, he also put in evidence an assignment of the vessel and her freight, made November 21, 1846, by the then owners of the ship, to the libellant. The assignment was under seal, and executed in Providence, R. I., having been also acknowledged and there recorded. It was attested by two subscribing witnesses. The libellant proved the signature of one of these witnesses, and that such witness resided in Providence, and also proved the signatures of the assignors; but the residence of the other subscribing witness was not shown, nor his absence accounted for. The respondent objected that the proof of the execution of the assignment was insufficient, the absent witness not being shown to be dead, or to be out of the jurisdiction of the court. The libellant contended that the acknowledgment of the instrument in the place where it was executed, being by the local law competent proof of its due execution, was also sufficient evidence here. The court ruled this point against him, but decided that the proof given established the due execution of the instrument, and that the libellant was entitled upon it to maintain the action. The respondent then gave evidence in defence, tending to show that the vessel made short delivery of the cargo; that out of the two hundred tons mentioned in the bill of lading, less than one hundred and eighty-five were delivered at the port of consignment.

BETTS, District Judge. Where an instrument under seal, attested by a subscribing witness, is to be proved, and the production of the witness himself is excused, the technical rule of evidence requires proof of his signature, even though the execution by the principal party be proved by his most solemn admission out of court. 1 Greenl. Ev. § 569; 1 Phil. Ev. 473. This rule is arbitrary and formal, as it dispenses with direct proof of the identity of the principal party, the essential particular in the question whether the deed is actually his, and admits proof of the handwriting of an absent subscribing witness to the deed to establish that fact; and countenances the further implication that the witness was present and saw the signature, the sealing, and delivery of the deed which he attested.

Where none of the subscribing witnesses to an instrument are capable of being examined, it is only necessary to prove the handwriting of one of them. 1 Greenl. Ev. § 575; 1 Phil. Ev. 473. Where a deed, executed in a foreign state, is offered in evidence, it is to be presumed that the attesting witnesses resided at the place of execution, and secondary proof is admissible. 3 Phil. Ev. (Cow. & H. Notes) 1297. Proof of the handwriting of the assignor is at least equivalent, in the identification of the assignor or grantor, to the secondary evidence of the handwriting of a subscribing witness, if it be not competent as primary and direct. The objection to the admissibility of the assignment, upon the proof given, was therefore correctly overruled.

The contest upon the merits of the case relates to the question whether there was a short delivery of cargo. The proof of the quantity delivered is not very precise or satisfactory. The estimate of the quantity was arrived at by weighing five separate tubs of the coal, and ascertaining the average weight per tub, and the number of tubs which make up by measure a chaldron, and thus from a computation of chaldrons determining the quantity of coal delivered. This method of

[1] [Reported by Abbott Brothers.]

ascertaining quantities of Liverpool coal is proved to be the established usage of the trade in this port. That species of coal is purchased and shipped abroad by weight, and is unladen and sold in this market by the chaldron. There is also clear evidence to show that the computed weight so ascertained is almost invariably short of that stated in the invoices and bills of lading. This variance being so common, is no doubt provided for in the original purchases; but as a means of determining with certainty whether the weight shipped holds out on delivery, this method of measurement cannot be made the basis of any positive or sure determination. It affords an approximation which ordinarily will be found, it would seem, on the proofs, to come within two or three per cent. of uniformity. The state of the weather, whether dry or wet, when the coal is weighed and laden on board, and the quality of the coal, whether coarse or fine, are particulars essentially varying the result, when the cargo comes to be unladen by measure, often reducing the invoice weight from four to nine per cent.

In the present case, the difference was nearly eight per cent. There is evidence that a small quantity was used by the ship during the voyage, but this was done with the knowledge and assent of the agent of the respondent, and was but to a very inconsiderable amount, by no means sufficient to account for the disparity between the bill of lading and the weighmaster's return here. I think the evidence in respect to the waste is not sufficient to subject the vessel to any charge or responsibility for such use; and I am further of opinion that the decided weight of evidence, direct and presumptive, is, that the delivery made acquitted the ship of her liability under the bill of lading.

The decree must accordingly be in favor of the libellant, it being referred to a commissioner to compute the amount of freight due.

[The case was afterwards heard upon an appeal from the clerk's taxation of costs. Case No. 9,007.]